UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 WHITNEE SWINGRUM
D-2 MARTELL MYRICK
D-3 SHARNAE WILLIAMS,

Defendant.

Case No. 26-cr-20430

Honorable Robert J. White

**PROTECTIVE ORDER BASED ON STIPULATION**

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

IT IS HEREBY ORDERED that the pretrial disclosure of discovery materials, as described in the stipulation below, is controlled by the provisions of the stipulation and agreement.

Dated: September 2, 2026

s/ Robert J. White
Robert J. White
United States District Judge

## STIPULATION BY PARTIES

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America and the Defendants, through their respective counsel of record herein, as follows:

A. The government anticipates providing discovery material in this matter containing personal information of defendants and third parties ("Protected Information"), which may include, but is not limited to: social security numbers, birth dates, telephone numbers, addresses, and financial information (such as account numbers).

B. The government also anticipates providing discovery material governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

C. Due to the volume of discovery material the government intends to produce in this case, individual redaction of Protected Information prior to production to defendants as discovery would be impractical and time-consuming.

D. The parties understand, however, that the discovery material should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

E. The government seeks to follow all requirements of Rule 16.

F. THEREFORE, the parties stipulate and agree to the following:

1. This Court may enter protective orders pursuant to Rule 16(d) of

the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Protective Order pertains to all discovery material provided to or made available to defense counsel as part of discovery in this matter.

3. By signing this Stipulation, defense counsel agree discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

4. Discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions should be treated in the same manner as the original matter. Discovery materials may be shown to but not given to or remain in the custody of potential witnesses (except investigators and experts retained on behalf of the defendants).

5. The discovery material is now and will forever remain the property of the United States Government. The discovery material and information therein may only be used in connection with the litigation of this case and for no other purpose.

6. In the event the defense seeks to utilize the discovery material in

any court filing, at trial or in another hearing in this matter, all Protected Information must be redacted from the discovery material prior to its use. Furthermore, any court filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

7. If defense counsel deems it necessary to use unredacted Protected Information or material subject to Rule 6(e) of the Federal Rules of Criminal Procedure in any court filing, defense counsel shall first advise and confer with counsel for the government and provide counsel for the government reasonable time to object and/or discuss measures to protect such information.

8. Any person receiving disclosure of the discovery materials shall be subject to the terms of the Protective Order. Defense counsel shall inform the defendant and any other person to whom disclosure is made of the existence and terms of the Protective Order, including by providing such person a copy of the Protective Order and obtaining from such person written acknowledgment of the Protective Order. Defense counsel also shall direct the defendant and any other person to whom disclosure is made not to disclose or use any information contained in the government's discovery in violation of the Protective Order. Any authorized disclosure of discovery material may constitute a violation of the Court's Protective Order.

9. In the event that a defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Protective Order.

10. The Protective Order shall not apply to any materials already in the possession of a defendant.

IT IS SO STIPULATED.

/s/ *Robert A. Moran*
Robert A. Moran
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
phone: 313-226-9553
e-mail: robert.moran@usdoj.gov

/s/ *David C. Tholen* (w/consent)
David C. Tholen
Attorney for Whitnee Swingrum
613 Abbott Street, Suite 500
Detroit, MI 48226
phone: 313-967-5542
email: david_tholen@fd.org

/s/ *Christopher M. Seikaly* (w/consent)
Christopher M. Seikaly
Attorney for Martell Myrick
24359 Northwestern Hwy, Suite 200
Southfield, MI 48075
phone: 248-948-1900
email: cseikaly@ameritech.net

/s/ *Gabi D. Silver* (w/consent)
Gabi D. Silver
Attorney for Sharnae Williams
1300 Broadway, Suite 500

Detroit, MI 48226
phone: 313-963-0210
email: gabi@crippsandsilverlaw.com

Dated: August 28, 2026